■ In the Matter of Jose Harris, Petitioner, v Donald Selsky, as Director of Special Housing Unit, et al., Respondents. [654 NYS2d 423] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

While viewing the video monitors, two correction officers observed petitioner, an inmate at Elmira Correctional Facility in Chemung County, pass an item to another inmate. An investigation of the incident resulted in petitioner being charged with, and ultimately found guilty of, violating the prison disciplinary rules that prohibit exchanging narcotics, possession of unauthorized contraband and unauthorized exchange of an article. Petitioner challenges this determination on the ground that he was not provided with relevant documentary evidence and was denied the right to call various witnesses.

We reject petitioner's contention that he was denied due process because he was not permitted to call various witnesses. The record reflects that petitioner was uncertain about

precisely who was present at the table when the incident occurred. Furthermore, petitioner failed to demonstrate that such witnesses' testimony would be relevant or noncumulative (*see, Matter of Chappelle v Coombe,* 234 AD2d 779; *Matter of Grassia v Mann,* 223 AD2d 811).

Additionally, we reject petitioner's contention regarding his access to the videotape since the record establishes that the destruction of the videotape was due to inadvertence and was not destroyed in bad faith (*see, Matter of Espinal v Coughlin,* 153 AD2d 778, *appeal dismissed* 74 NY2d 944, *lv denied* 75 NY2d 705). In any event, the unavailability of the videotape was not detrimental since the correction officers who observed the incident first hand were available to testify and to be subject to cross-examination. We find petitioner's remaining contention regarding the production of the packing list to be without merit since it was undisputed that petitioner did in fact receive a package on the day the incident occurred. As such, the packing list would have been duplicative of evidence already received. Accordingly, we find no reason to disturb respondents' determination.

Mikoll, J. P., White, Casey, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.