■ In the Matter of RONNIE COVINGTON, Petitioner, v PHILIP COOMBE, JR., as Commissioner of the Department of Correctional Services, et al., Respondents. [682 NYS2d 112] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondent Director of Special Housing and Inmate Disciplinary Program which removed petitioner from his position as an Inmate Grievance Review Committee representative.

In October 1995, a recommendation was filed to impeach petitioner from his position on the Inmate Grievance Review Committee (hereinafter IGRC). The recommendation referenced petitioner's disciplinary record which included two determinations that found petitioner guilty of violating certain prison disciplinary rules. An IGRC impeachment hearing was held and the Hearing Officer found petitioner guilty of violating the IGRC Code of Ethics by failing to obey institutional and departmental rules and regulations. The Hearing Officer determined that petitioner should be removed from his posi-

tion on the IGRC. After an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding.

We confirm. Substantial evidence supports the determination removing petitioner from his position on the IGRC upon the finding that he had violated the IGRC Code of Ethics. The Code of Ethics states that inmate representatives to the IGRC must obey all institutional and departmental rules and regulations and violations of the code could result in dismissal from the program. The impeachment report was supported by the misbehavior reports that led to two determinations finding petitioner guilty of violating certain prison disciplinary rules. Those determinations were affirmed on administrative appeal. Petitioner's attempt to relitigate his innocence at the impeachment hearing regarding those misbehavior reports was properly rejected by the Hearing Officer.

Moreover, petitioner's argument that he was denied the right to employee assistance is rejected. As petitioner was not illiterate, non-English speaking, sensorially disabled or confined pending the hearing, he was not entitled to employee assistance (see, 7 NYCRR 251-4.1 [a]). Nor did petitioner establish that the Hearing Officer abused his discretion by failing to assign an employee assistant (see, 7 NYCRR 251-4.1 [b]).

Similarly unavailing is petitioner's contention that he was denied the right to call relevant, nonredundant witnesses at the impeachment hearing. Petitioner requested that certain witnesses be called to testify regarding the incidents that sparked the misbehavior reports. The Hearing Officer properly concluded that their testimony would be irrelevant because petitioner's guilt in regard to the misbehavior reports had already been determined and was not at issue at the impeachment hearing. Nor do we find that the Hearing Officer erred by denying petitioner's request to call two other witnesses who could not provide any relevant information regarding any of those allegations in the impeachment report that were sustained by the Hearing Officer (see, 7 NYCRR 254.5; see generally, Matter of Pabon v Coombe, 249 AD2d 629; Matter of Ortiz v Rourke, 241 AD2d 962; Matter of Harris v Selsky, 236 AD2d 723).

Petitioner's remaining contentions, including his arguments that he was denied adequate notice of the charges in the impeachment report, the hearing was untimely and the Hearing Officer had predetermined his guilt, have been reviewed and found to be lacking in merit.

Cardona, P. J., White, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.