■ In the Matter of BILLY LIGHTFOOT, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [863 NYS2d 288]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged in two misbehavior reports with possession of unauthorized medication, possession of drugs and unauthorized exchange. The first report was issued after a search of petitioner's cell recovered five Naproxin tablets, for which he had no prescription. The second report was issued after a confidential informant advised that he had $50 sent to petitioner as advance payment for a quantity of marihuana that petitioner had previously acquired. Following a combined tier III disciplinary hearing, petitioner was found guilty of possession of unauthorized medication and possession of drugs. That determination was affirmed on administrative appeal and this CPLR article 78 proceeding seeking annulment ensued.

We confirm. Petitioner's assertion that the portion of the determination finding him guilty of drug possession is not supported by substantial evidence is without merit. The misbehavior report pertaining to that charge, along with the confidential testimony considered by the Hearing Officer in camera, are suf-

ficient to satisfy that standard (*see Matter of Gallo v Fischer*, 50 AD3d 1374 [2008]). We similarly reject petitioner's contention that the misbehavior report charging him with possession of drugs was defectively vague. That report, when read as a whole, was sufficient to apprise petitioner of the nature of the charges against him such that he was able to prepare a defense (*see Matter of Ross v Selsky*, 49 AD3d 1065, 1065 [2008]). Petitioner's claim that the Hearing Officer did not assess the reliability of the confidential informant has been considered and found to be unavailing.

Cardona, P.J., Spain, Carpinello, Kane and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.