█ In the Matter of Lorenzo Brooks, Petitioner, v Brian Fischer, as Commissioner of Corrections and Community Supervision, Respondent. [937 NYS2d 637]—

We confirm. The misbehavior report, testimony of the correction officers who investigated the incident and testimony of a confidential informant provide substantial evidence to support the determination of guilt (*see Matter of Pisano v Fischer*, 87 AD3d 1247, 1248 [2011]; *Matter of Stinson v Prack*, 87 AD3d 1218, 1219 [2011]). The fact that the Hearing Officer personally took testimony from the confidential informant provided an ample basis to make a credibility assessment (*see Matter of Barton v New York State Dept. of Correctional Servs.*, 81 AD3d 1029, 1030 [2011]; *Matter of Washington v Fischer*, 78 AD3d 1399, 1399-1400 [2010], *lv denied* 16 NY3d 707 [2011]). Petitioner's protestations of innocence and the testimony of his inmate witnesses raised a credibility question to be resolved by the Hearing Officer (*see Matter of Kalwasinski v Fischer*, 87 AD3d 1207, 1208 [2011]; *Matter of Vidal-Ortiz v Fischer*, 84 AD3d 1627, 1628 [2011]). Contrary to petitioner's contention, he had no right to access the confidential information (*see Matter of Washington v Fischer*, 78 AD3d at 1400; *Matter of Sanders v Haggett*, 72 AD3d 1372, 1373 [2010]). Lastly, the misbehavior report was sufficient to give petitioner notice of the charges against him and allow him to prepare a defense (*see Matter of Harrison v Prack*, 87 AD3d 1221, 1221 [2011]; *Matter of Cognata v Fischer*, 85 AD3d 1456, 1457 [2011]). Petitioner's remaining contentions, to the extent that they have been preserved for our review, have been considered and are lacking in merit.

Peters, J.P., Lahtinen, Spain, Stein and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.