■ In the Matter of WILLIAM ELLIOTT, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [942 NYS2d 698]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

As a result of an investigation and confidential information, petitioner was served with a misbehavior report charging him

with assault, fighting and violent conduct. The charges stem from two alleged incidents: one where hot liquid was thrown on an inmate while he was in a bathroom stall on January 20, 2011 and the other the following day when petitioner and that inmate engaged in a fight outside the bathroom. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. The determination was affirmed on administrative appeal, after which petitioner commenced this CPLR article 78 proceeding.

First, we reject petitioner's contention that he was deprived of his right to call witnesses at the hearing. Although, at the outset of the hearing, petitioner informed the Hearing Officer that he would like a statement from the alleged victim of the assault, when later asked if he had anything else to add in his defense before the Hearing Officer rendered a disposition, petitioner responded in the negative, thereby effectively waiving the right to present further evidence (*see Matter of Green v Bradt*, 91 AD3d 1235, 1237 [2012]; *Matter of Cross v Goord*, 19 AD3d 990 [2005], *lv denied* 5 NY3d 715 [2005]; *Matter of Vigliotti v Duncan*, 10 AD3d 776, 777 [2004], *lv dismissed* 4 NY3d 738 [2004]).

We find that the misbehavior report, coupled with the confidential testimony, constitute substantial evidence of petitioner's guilt (*see Matter of Reynoso v Fischer*, 67 AD3d 1166 [2009], *lv dismissed* 14 NY3d 767 [2010]; *Matter of Arnold v Fischer*, 60 AD3d 1177, 1177 [2009]; *Matter of Lightfoot v Fischer*, 54 AD3d 459, 459 [2008]). Although the Hearing Officer did not interview the confidential informant, he made adequate inquiries of the correction officer who received the information to properly ascertain the informant's reliability (*see Matter of Butler v Fischer*, 74 AD3d 1651, 1652 [2010]; *Matter of Sanders v Haggett*, 72 AD3d 1372, 1372 [2010]).

Mercure, J.P., Spain, Malone Jr., Kavanagh and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.