Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.
Petitioner, a prison inmate, was charged in a misbehavior report with assault and engaging in violent conduct after confidential information indicated that he attacked another inmate from behind with a cutting-type weapon, causing a three-inch laceration to his throat. In a second misbehavior report, petitioner was charged with being out of place and refusing a direct order for his actions shortly after the attack. At a tier III disciplinary hearing to address all charges, petitioner pleaded guilty to being out of place and refusing a direct order, and he was found guilty of the remaining charges. The determination was administratively affirmed, and petitioner commenced this CPLR article 78 proceeding.
We confirm. Initially, petitioner is precluded from challenging the finding of guilt with regard to the charges of being out of place and refusing a direct order by virtue of his plea of guilt to those charges (see Montilla v Prack, 95 AD3d 1580, 1581 [2012]; Matter of Sullivan v Fischer, 95 AD3d 1514, 1515 [2012]). With regard to the assault and violent conduct charges, the finding of guilt was supported by substantial evidence in the form of the misbehavior report, hearing testimony, and the confidential testimony and documentation (see Matter of Brown v Fischer, 98 AD3d 775, 775-776 [2012]; Matter of White v Prack, 94 AD3d 1299, 1299 [2012]). Petitioner’s claim that he was identified by *1010 the informants as retaliation raised a credibility question to be resolved by the Hearing Officer (see Matter of Wright v Fischer, 98 AD3d 759, 759 [2012]; Matter of Martin v Fischer, 98 AD3d 774, 774 [2012]).
The Hearing Officer’s questioning of the correction officer who interviewed the informants and his review of the confidential documents allowed him to independently assess the reliability and credibility of the confidential information (see Matter of Brown v Fischer, 98 AD3d at 776; Matter of Elliott v Fischer, 94 AD3d 1326, 1327 [2012]). Additionally, petitioner had no right to review the confidential information (see Matter of Brooks v Fischer, 92 AD3d 987, 988 [2012]; Matter of Phipps v Fischer, 82 AD3d 1396, 1397 [2011]).
Petitioner’s remaining contentions have been examined and found to be unpreserved or without merit.
Peters, P.J., Mercure, Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.