Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.
Correction officials received information from a confidential source that petitioner had tried to make sexual advances toward him. As a result, petitioner was charged in a misbehavior report with attempting to engage in sexual acts. He was found guilty of the charge at the conclusion of a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report and confidential information considered by the Hearing Officer in camera provide substantial evidence supporting the determination of guilt (see Matter of Elliott v Fischer, 94 AD3d 1326, 1327 [2012]; Matter of Wilson v Fischer, 58 AD3d 997, 998 [2009]). Petitioner was not entitled to disclosure of the confidential information (see Matter of Brooks v Fischer, 92 AD3d 987, 988 [2012]; Matter of Phipps v Fischer, 82 AD3d 1396, 1397 [2011]). Insofar as the misbehavior report failed to set forth precise times and dates of the sexual acts, “greater detail may not always be possible if it is necessary to keep the information confidential” (Matter of Martin v Coughlin, 173 AD2d 1039, 1040 [1991]). Moreover, although the Hearing Officer did not personally interview the confidential informant, he adequately confirmed the informant’s credibility through questioning the correction official who spoke with this person (see Matter of Elliott v Fischer, 94 AD3d at 1327; Matter of Rivera v Artus, 82 AD3d 1431 [2011]) and by the corroborating evidence contained in the confidential memoranda. Petitioner’s remaining contentions have not been preserved for our review.
Peters, P.J., Lahtinen, Spain and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.