■ In the Matter of JOHNNY SUTTON, Petitioner, v ALBERT PRACK, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [967 NYS2d 508]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with using a controlled substance after a sample of his urine twice tested positive for the presence of cannabinoids. He was found guilty of the charge at the conclusion of a tier III disciplinary hearing. The determination was affirmed on administrative appeal with a modified penalty. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the positive urinalysis test results and related documentation, as well as the testimony presented at the hearing, provide substantial evidence supporting the determination of guilt (*see Matter of Donahue v Fischer*, 98 AD3d 784, 784 [2012]; *Matter of Curry v Fischer*, 93 AD3d 984, 984 [2012]). We find no merit to petitioner's claim that the chain of custody was broken because the sample was left out of the refrigerator for four hours and

not tested. The officer who was to test the sample on the date in question stated that he took it out of the refrigerator but was unable to test it because the urinalysis testing equipment was not working properly and, consequently, he returned the sample to the refrigerator. Notably, he stated that he was the only individual in the urinalysis testing room and the sample was under his supervision the entire time that it was out of the refrigerator, thus establishing that there was no break in the chain of custody (*see Matter of Moolenaar v Fischer*, 67 AD3d 1296, 1296-1297 [2009]; *Matter of McAdoo v Goord*, 32 AD3d 1058, 1058-1059 [2006]; *see also Matter of El v Selsky*, 14 AD3d 763, 764 [2005]). Petitioner's further assertion that the Hearing Officer interfered with his questioning of this officer and thereby hindered him in presenting his defense is not supported by the record. Rather, we find that the Hearing Officer conducted the hearing in a fair and impartial manner (*see Matter of Scott v Fischer*, 92 AD3d 1000, 1001 [2012]). Therefore, we find no reason to disturb the determination of guilt.

Peters, P.J., Rose, Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.