■ In the Matter of SEAN BEST, Petitioner, v ROLAND LARKIN, as Superintendent of Eastern Correctional Facility, et al., Respondents. [983 NYS2d 910]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

During the course of an investigation in which confidential information was received, correction officials discovered that petitioner, together with members of his family and other inmates, participated in a scheme to commit tax fraud in Maryland. Specifically, petitioner assisted in obtaining the personal information and Social Security numbers of certain inmates to be used by his family members in filing tax returns in Maryland falsely claiming these inmates as dependents in order to receive tax refunds. The inmates, in turn, received payments from petitioner's family members and petitioner received marihuana. As a result of his activities, petitioner was charged in a

misbehavior report with solicitation, making false statements, using a controlled substance, possessing stolen property and engaging in an unauthorized exchange. Following a tier III disciplinary hearing, he was found guilty of all of the charges except for using a controlled substance and possessing stolen property. The determination was upheld on administrative appeal, resulting in this CPLR article 78 proceeding.*

We confirm. The detailed misbehavior report, together with the testimony of the investigating officer and the confidential information considered by the Hearing Officer in camera, provide substantial evidence supporting the determination of guilt (*see Matter of Rosa v Fischer*, 112 AD3d 1009, 1010 [2013], *lv denied* 22 NY3d 864 [2014]; *Matter of Vicente v New York State Dept. of Corr. & Community Supervision*, 107 AD3d 1203, 1203 [2013]). We note that the Hearing Officer independently assessed the reliability of the confidential information based upon the corroborating evidence collected during the course of the investigation (*see Matter of Boyle v Fischer*, 89 AD3d 1268, 1268 [2011]). Moreover, inasmuch as the misbehavior report arose from a continuing investigation and was based largely upon confidential information, it contained adequate detail to enable petitioner to prepare a defense to the charges of which he was found guilty (*see Matter of Scivolette v Prack*, 102 AD3d 1024, 1024 [2013]; *Matter of Gomez v Fischer*, 89 AD3d 1341, 1341 [2011]). Furthermore, upon reviewing the record, we do not find that petitioner was denied a fair and impartial hearing (*see Matter of Barnes v Prack*, 109 AD3d 1028, 1030 [2013]; *Matter of Sutton v Prack*, 107 AD3d 1250, 1251 [2013]). Petitioner's remaining contentions have been considered and are either unpreserved for our review or are lacking in merit.

Peters, P.J., Lahtinen, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* The penalty was later reduced upon discretionary review.