*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 30, 2014                518114
_____

In the Matter of EDWARD WHITE,
                    Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT

BRIAN FISCHER, as Commissioner
    of Corrections and Community
    Supervision, et al.,
                    Respondents.
_____

Calendar Date:   September 16, 2014

Before:   Lahtinen, J.P., Stein, Garry, Egan Jr. and Devine, JJ.

                        _____


        Edward White, Dannemora, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondents.

                        _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent Commissioner of Corrections
and Community Supervision which found petitioner guilty of
violating certain prison disciplinary rules.

        An inmate who was housed in the cell next to petitioner's
was stabbed by another inmate and seriously injured.  The
stabbing occurred on the cellblock near petitioner's cell while
petitioner was locked in.  Through confidential sources,
correction officials learned that, after the stabbing, petitioner
displayed an ice-pick type weapon and verbally threatened the
victim.  As a result, he was charged in a misbehavior report with
engaging in violent conduct, making threats and possessing a
weapon.  Following a tier III disciplinary hearing, the violent

conduct charge was dismissed, but petitioner was found guilty of the remaining charges. The determination was later affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

We confirm. The detailed misbehavior report, testimony of the correction sergeant who prepared it and confidential information considered by the Hearing Officer in camera provide substantial evidence supporting the determination of guilt (see Matter of Best v Larkin, 116 AD3d 1306, 1307 [2014]; Matter of Jones v Prack, 114 AD3d 985, 985 [2014]). Contrary to petitioner's claim, the Hearing Officer made an independent assessment of the reliability of the confidential information based upon his interview with the correction sergeant, who conducted the investigation (see Matter of Rossi v Fischer, 118 AD3d 1213, 1213-1214 [2014]), and the corroborating evidence disclosed during the course of the investigation (see Matter of Best v Larkin, 116 AD3d at 1307). Moreover, as a number of witnesses testified that they did not observe petitioner brandish a weapon or threaten the victim, the Hearing Officer did not err in denying, as redundant, petitioner's request for another inmate witness who was to give similar testimony (see Matter of Williams v Prack, 114 AD3d 979, 980 [2014]; Matter of Thorpe v Fischer, 67 AD3d 1101, 1102 [2009]). In view of the foregoing, we find no reason to disturb the determination of guilt.

Lahtinen, J.P., Stein, Garry, Egan Jr. and Devine, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court