■ In the Matter of DARRYL GRATE, Petitioner, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [994 NYS2d 746]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

In this proceeding, petitioner challenges a determination finding him guilty of violating the prison disciplinary rules prohibiting engaging in violent conduct, creating a disturbance, fighting and refusing a direct order. The charges arose from petitioner's alleged participation in a large fight that occurred between rival gang members in a recreation room. In our view, the misbehavior report, testimony of correction officers and investigators, confidential information and petitioner's admission that he was present during the fight provide substantial evidence supporting the determination of guilt (*see Matter of Rossi v Fischer*, 118 AD3d 1213, 1213 [2014]; *Matter of Best v Larkin*, 116 AD3d

1306, 1307 [2014]). Contrary to petitioner's argument, the Hearing Officer properly ascertained the credibility and reliability of the confidential information. The testimony of the investigating officers and the detailed and specific confidential material itself established that there were valid reasons to conclude that the multiple informants were reliable in identifying petitioner as having been involved in the fight, and that they were not motivated by promises of reward (*see Matter of Williams v Fischer*, 18 NY3d 888, 890 [2012]; *Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 123 [1995]). Petitioner's remaining contentions have been considered and found to be lacking in merit.

Garry, J.P., Rose, Egan Jr., Devine and Clark, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.