## State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  November 13, 2014            518810
_____

In the Matter of DARRYL GRATE,
                    Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:   September 16, 2014

Before:  Garry, J.P., Rose, Egan Jr., Devine and Clark, JJ.

_____

        Darryl Grate, Sonyea, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

        In this proceeding, petitioner challenges a determination finding him guilty of violating the prison disciplinary rules prohibiting engaging in violent conduct, creating a disturbance, fighting and refusing a direct order.  The charges arose from petitioner's alleged participation in a large fight that occurred between rival gang members in a recreation room.  In our view, the misbehavior report, testimony of correction officers and investigators, confidential information and petitioner's admission that he was present during the fight provide substantial evidence supporting the determination of guilt (see

Matter of Rossi v Fischer, 118 AD3d 1213, 1213 [2014]; Matter of
Best v Larkin, 116 AD3d 1306, 1307 [2014]).  Contrary to
petitioner's argument, the Hearing Officer properly ascertained
the credibility and reliability of the confidential information.
The testimony of the investigating officers and the detailed and
specific confidential material itself established that there were
valid reasons to conclude that the multiple informants were
reliable in identifying petitioner as having been involved in the
fight, and that they were not motivated by promises of reward
(see Matter of Williams v Fischer, 18 NY3d 888, 890 [2012];
Matter of Abdur-Raheem v Mann, 85 NY2d 113, 123 [1995]).
Petitioner's remaining contentions have been considered and found
to be lacking in merit.

        Garry, J.P., Rose, Egan Jr., Devine and Clark, JJ., concur.

        ADJUDGED that the determination is confirmed, without
costs, and petition dismissed.

                          ENTER:

                          Robert D. Mayberger
                          Clerk of the Court