*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: November 13, 2014                    518392
_____

In the Matter of RANDALL
    BEASLEY,
                        Petitioner,

        v                                        MEMORANDUM AND JUDGMENT

D. VENETTOZZI, as Acting
    Director of Special
    Housing and Inmate
    Disciplinary Programs,
                        Respondent.
_____

Calendar Date:   September 16, 2014

Before:  Stein, J.P., Garry, Rose, Egan Jr. and Clark, JJ.

_____

        Randall Beasley, Pine City, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent which found petitioner
guilty of violating certain disciplinary rules.

        After an inmate was stabbed several times and petitioner
was identified as his assailant, petitioner was charged in a
misbehavior report with assaulting an inmate, possession of a
weapon, engaging in violent conduct and disturbing the order of a
facility.  Following a tier III disciplinary hearing, he was
found guilty as charged and a penalty of, among others things, 18
months in the special housing unit was imposed.  The
determination was upheld on administrative appeal, with a later

reduction in the penalty.  This CPLR article 78 proceeding ensued.

We confirm.  The misbehavior report, testimony of its author to whom the victim identified petitioner as his assailant, confidential testimony and testimony of the sergeant who investigated the assault and observed scratches on petitioner consistent with an altercation provide substantial evidence of petitioner's guilt of the charges.  Petitioner's denial that he had any role in the assault and his claim that other inmates could have committed it or that the victim's injuries were self inflicted, as well as the testimony of other inmates that they did not see petitioner enter the victim's cell or commit the assault, created credibility questions for the Hearing Officer to resolve (see Matter of Espinal v Fischer, 114 AD3d 978, 979 [2014]).  Contrary to his contentions, petitioner was advised that confidential testimony had been taken and he was not entitled to disclosure of the confidential information (see Matter of McDuffy v Fischer, 107 AD3d 1190, 1190 [2013]).  Further, the Hearing Officer's in camera questioning of the correction sergeant who interviewed the confidential witness "allowed him to independently assess the reliability and credibility of the confidential information" (Matter of McCain v Fischer, 104 AD3d 1009, 1010 [2013]; see Matter of Howard v Prack, 107 AD3d 1262, 1263 [2013]).  To the extent that petitioner claims that he was denied the right to call the victim as a witness, this claim lacks merit.  Petitioner was advised that the victim had signed a witness refusal form and would not provide a reason, as a correction officer who questioned the victim testified; petitioner did not request that the Hearing Officer inquire further or request the refusal form, nor did he raise this issue on administrative appeal so as to preserve if for review (see Matter of Taylor v Fischer, 89 AD3d 1298, 1299 [2011]).  Petitioner's remaining claims have been reviewed and determined to lack merit.

Stein, J.P., Garry, Rose, Egan Jr. and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court