*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 21, 2015                    519554
_____

In the Matter of SHELDON CLARK,
                    Petitioner,

          v                              MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:  March 31, 2015

Before:  Lahtinen, J.P., McCarthy, Rose and Devine, JJ.

                    _____

          Sheldon Clark, Brocton, petitioner pro se.

          Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.

                    _____


          Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent which found petitioner
guilty of violating a prison disciplinary rule.

          A correction officer received information from a
confidential source who observed petitioner in possession of a
weapon and saw him secrete it in a pair of state issued pants
that were hanging in the dorm bathroom.  The weapon, which was
described in detail by the confidential source, was later found
in a different location, but the confidential source positively
identified it as the weapon belonging to petitioner.  Petitioner
was subsequently charged in a misbehavior report with possessing
a weapon.  He was found guilty of the charge following a tier III
disciplinary hearing and the determination was later affirmed on

administrative appeal.   This CPLR article 78 proceeding ensued.

      We confirm.   The misbehavior report, together with the testimony of the investigating officer who prepared it and the confidential information considered by the Hearing Officer in camera, provide substantial evidence supporting the determination of guilt (see Matter of White v Fischer, 121 AD3d 1478, 1478-1479 [2014]; Matter of Best v Larkin, 116 AD3d 1306, 1307 [2014]). Contrary to petitioner's claim, the credibility of the confidential information was sufficiently established by the details given by the confidential source, which included a precise description of the weapon as corroborated by a photograph of the weapon later recovered, as well as the investigating officer's testimony that the source had provided reliable information in the past (see Matter of Grate v Annucci, 122 AD3d 1053, 1054 [2014]; Matter of White v Fischer, 121 AD3d at 1479). Moreover, petitioner's challenge to the adequacy of the hearing audiotape is not substantiated by the transcript and, given that it does not disclose any significant gaps or deficiencies, meaningful review is not precluded (see Matter of Possert v Fischer, 106 AD3d 1350, 1350 [2013]; compare Matter of Farrell v New York State Off. of the Attorney Gen., 108 AD3d 801, 801 [2013]).   We have considered petitioner's remaining contentions and find them to be unpersuasive.

      Lahtinen, J.P., McCarthy, Rose and Devine, JJ., concur.


      ADJUDGED that the determination is confirmed, without costs, and petition dismissed.




                ENTER:


                Robert D. Mayberger
                Clerk of the Court