*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 24, 2015           520464
_____

In the Matter of SEAN WHITE,
                    Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT
ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
                    Respondent.
_____

Calendar Date:  August 10, 2015

Before:  Peters, P.J., Lahtinen, Garry and Rose, JJ.

_____

        Sean White, Malone, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

        Petitioner was charged in a misbehavior report with attempted assault on staff, making threats, creating a disturbance and disobeying a direct order.  According to the misbehavior report, petitioner became agitated and loud while being escorted to a medical transport and disregarded orders to stop approaching the correction officers.  Petitioner then lunged at a correction officer, requiring force to be used to restrain petitioner.  The incident delayed the transport of the other inmates in the area preparing for the medical trips.  Following a

hearing, petitioner was found guilty of all charges. That determination was affirmed on administrative appeal, prompting this CPLR article 78 proceeding.

Contrary to petitioner's contention, the misbehavior report, testimony of the correction officers involved, related documentation and the videotape of the incident provided substantial evidence to support the determination of guilt (see Matter of Williams v Annucci, 129 AD3d 1422, 1422 [2015]; Matter of Lamphear v Fischer, 76 AD3d 1166, 1166 [2010]). Petitioner's testimony that he did not engage in the alleged conduct created a credibility issue for the Hearing Officer to resolve (see Matter of Beasley v Venettozzi, 122 AD3d 1038, 1038 [2014]).

Peters, P.J., Lahtinen, Garry and Rose, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court