# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  November 12, 2015          519883
_____

In the Matter of JUDSON
    WATKINS,
                    Petitioner,

        v

ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
                    Respondent.
_____

MEMORANDUM AND JUDGMENT

Calendar Date:  September 22, 2015

Before:  Peters, P.J., Garry, Lynch and Devine, JJ.

_____

        Judson Watkins, Elmira, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

        Petitioner was charged in a misbehavior report with smuggling and violating visiting room procedures.  Following a tier III disciplinary hearing, petitioner was found guilty of both charges.  The determination was affirmed upon administrative appeal and this CPLR article 78 proceeding ensued.

        We confirm.  The misbehavior report and videotape of the incident provide substantial evidence to support the

determination (see Matter of McEachin v Napoli, 56 AD3d 1089 [2008]; Matter of Brown v Goord, 9 AD3d 646, 647 [2004], lv denied 3 NY3d 612 [2004]).  Contrary to petitioner's view, the videotape does not contradict the claim in the misbehavior report that petitioner's wife transferred contraband to him through a parting kiss (see Matter of Lionkingzulu v Fischer, 107 AD3d 1194, 1194 [2013]; Matter of McLaughlin v Fischer, 69 AD3d 1071, 1072 [2010]).  Petitioner's testimony that neither he nor his wife engaged in the conduct was a credibility issue for the Hearing Officer to resolve (see Matter of White v Prack, 131 AD3d 1333, 1334 [2015]).  This remains our holding despite the fact that no contraband was recovered (see Matter of Gren v Annucci, 119 AD3d 1307, 1308 [2014]). Petitioner's remaining claims have been considered and are either not preserved for our review or without merit.

Peters, P.J., Garry, Lynch and Devine, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.




ENTER:

Robert D. Mayberger
Clerk of the Court