Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
 

 After an inmate was found to have sustained wounds consistent with being assaulted, an investigation ensued. As a result of the investigation, petitioner was charged in a misbehavior report with possessing a weapon, assaulting an inmate, fighting, violent conduct, smuggling, failing to promptly report an injury and lying. After a tier III disciplinary hearing, he was found guilty of all of the charges except for failing to promptly report an injury. After an unsuccessful administrative appeal, this CPLR article 78 proceeding ensued.
 

 Initially, respondent concedes, and we agree, that substantial evidence does not support the determination of guilt as to the charge of lying, and therefore that part of the determination must be annulled. As petitioner has not yet served his entire penalty and a loss of good time was imposed, the matter must be remitted for a redetermination of the penalty on the remaining violations (see Matter of Hyatt v Fischer, 116 AD3d 1263, 1264 [2014]). As to the remaining charges, the misbehavior report, the open and confidential hearing testimony and the unusual incident report and supporting documentation provide substantial evidence supporting the determination of guilt (see Matter of Pompey v Prack, 128 AD3d 1251, 1252 [2015]; Matter of McCain v Fischer, 104 AD3d 1009, 1009 [2013]). Petitioner’s claims that the injuries he suffered and the blood on his clothing were the result of an accident with a mop bucket rather than due to his assaulting the victim presented a credibility determination for the Hearing Officer to resolve (see Matter of Pagan v Venettozzi, 151 AD3d 1508, 1508 [2017], lv denied 30 NY3d 903 [Oct. 19, 2017]; Matter of Ramos v Annucci, 150 AD3d 1510, 1511 [2017]).
 

 Moreover, petitioner has failed to demonstrate any prejudice resulting from the alleged deficiency of his employee assistant in failing to interview the victim. The record reveals that the Hearing Officer twice sent a correction officer to speak with the victim about testifying, and the victim twice refused to testify (see Matter of Taylor v Annucci, 140 AD3d 1433, 1434 [2016]; Matter of Shoga v Annucci, 132 AD3d 1027, 1028 [2015]). Further, consideration of the confidential portion of the record and the detailed information contained therein contradicts petitioner’s claim that the Hearing Officer failed to make the requisite independent assessment of the reliability of the confidential information provided (see Matter of Flanders v Fischer, 105 AD3d 1238, 1239 [2013]; Matter of Sheppard v Goord, 292 AD2d 694, 695 [2002]). Finally, we reject petitioner’s contention that he was improperly denied witnesses given that they were not present during the incident and had no firsthand knowledge of the events at issue (see Matter of Gonzalez v Annucci, 149 AD3d 1455, 1456 [2017]; Matter of Tafari v Selsky, 33 AD3d 1029, 1030 [2006]). Petitioner’s remaining contentions have been considered and are without merit.
 

 Peters, P.J., McCarthy, Garry, Devine and Clark, JJ., concur.
 

 Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of lying; petition granted to that extent, respondent is directed to expunge all references to this charge from petitioner’s institutional record and matter remitted to respondent for a redeter-mination of the penalty on the remaining violations; and, as so modified, confirmed.