Matter of Sumter v Annucci (2019 NY Slip Op 00517)





Matter of Sumter v Annucci


2019 NY Slip Op 00517


Decided on January 24, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 24, 2019

526861

[*1]In the Matter of THOMAS SUMTER, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: January 4, 2019

Before: Garry, P.J., Lynch, Clark, Devine and Rumsey, JJ.


Karen L. Murtagh, Prisoners' Legal Services of New York, Ithaca (Cindy Nesbit of counsel), for petitioner.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Clark, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
An inmate, who was somewhat disoriented and inexplicably bleeding from a large gash in his head, approached correction officials and was immediately brought for medical treatment. During the course of the ensuing investigation, confidential information was obtained leading correction officials to conclude that petitioner struck the inmate in the head with a padlock wrapped in a sock. As a result, petitioner was charged in a misbehavior report with assaulting an inmate, fighting, engaging in violent conduct and possessing a weapon. He was found guilty of the charges following a tier III disciplinary hearing, and the determination was later affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
Initially, respondent concedes, and we agree, that substantial evidence does not support that part of the determination finding petitioner guilty of fighting as there is no evidence, confidential or otherwise, indicating that petitioner and the inmate were involved in a physical exchange of blows (see Matter of Mears v Venettozzi, 150 AD3d 1498, 1499 [2017], lv denied 30 NY3d 905 [2017]; Matter of Ross v Prack, 95 AD3d 1579, 1580 [2012]). Likewise, there is no evidence establishing that petitioner possessed a padlock or other dangerous instrument. Significantly, there was no eyewitness testimony that the inmate's injuries were inflicted by petitioner's use of a dangerous instrument, and the instrument that purportedly caused them was not known and was never recovered. Consequently, substantial evidence also does not support that part of the determination finding petitioner guilty of possessing a weapon (see Matter of [*2]Cochran v Bezio, 70 AD3d 1161, 1161 [2010]; Matter of Warren v Goord, 49 AD3d 1099, 1100 [2008]).
We reach a different conclusion, however, with regard to the charges of assaulting an inmate and engaging in violent conduct. Evidence was presented that petitioner and the inmate were playing a game of chess prior to the incident and that a disagreement ensued. The Hearing Officer received confidential information indicating that petitioner subsequently struck the inmate causing him to fall to the ground and hit his head, perhaps in response to the disagreement. The Hearing Officer independently assessed the reliability of such information based upon his personal interview with one confidential source and the details provided by the nature of the inmate's injuries and the photographs of the area where the inmate was struck (see Matter of Davis v Annucci, 137 AD3d 1437, 1438 [2016]; Matter of White v Fischer, 121 AD3d 1478, 1479 [2014]; Matter of Best v Larkin, 116 AD3d 1306, 1307 [2014]). Given the detailed misbehavior report, related documentation, hearing testimony and confidential information considered by the Hearing Officer in camera, substantial evidence supports that part of the determination finding petitioner guilty of assaulting an inmate and engaging in violent conduct and, as such, it must be confirmed (see Matter of Garcia v Annucci, 154 AD3d 1246, 1247 [2017]; Matter of Richardson v Annucci, 133 AD3d 966, 967 [2015]; Matter of Adams v Fischer, 116 AD3d 1269, 1270 [2014]). However, inasmuch as part of the determination is being annulled and a loss of good time was imposed, the matter must be remitted to respondent for a redetermination of the penalty (see Matter of Reeves v Annucci, 157 AD3d 1180, 1181 [2018]; Matter of Garcia v Annucci, 154 AD3d at 1247).
Garry, P.J., Lynch, Clark, Devine and Rumsey, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of fighting and possessing a weapon and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references to these charges from petitioner's institutional record and matter remitted to respondent for an administrative redetermination of the penalty imposed upon the remaining violations; and, as so modified, confirmed.