Matter of Carbuccia v Venettozzi (2021 NY Slip Op 02865)





Matter of Carbuccia v Venettozzi


2021 NY Slip Op 02865


Decided on May 6, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 6, 2021

532500
[*1]In the Matter of Alvin Carbuccia, Petitioner,
v
Donald Venettozzi, as Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date:April 16, 2021

Before:Egan Jr., J.P., Lynch, Aarons, Pritzker and Colangelo, JJ.

Alvin Carbuccia, Ogdensburg, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
After an investigation implicated petitioner, a prison inmate, in a scheme to extort goods and money from other inmates as well as a gambling ring, he was charged in a misbehavior report with various prison disciplinary rule violations. A contemporaneous search of his cell purportedly recovered synthetic cannabinoids and related packaging, resulting in a second misbehavior report charging him with additional rule violations. Following a combined tier III disciplinary hearing on the reports, petitioner was found guilty of extortion, making threats, possessing stolen property and gambling relating to the first misbehavior report, as well as possessing contraband and possessing drugs relating to the second misbehavior report. The determination was affirmed as modified upon administrative appeal, and this CPLR article 78 proceeding ensued.
To begin, the drug possession charge was administratively dismissed during the pendency of this proceeding. Respondent further concedes that the portion of the determination finding petitioner guilty of possessing contraband is not supported by substantial evidence in the record and must be annulled. As the penalty included a loss of good time, the annulment of that charge requires remittal "for a redetermination of the penalty on the remaining charges" (Matter of Vidal v Annucci, 149 AD3d 1366, 1368 [2017], lv denied 30 NY3d 906 [2017]; see Matter of McFarlane v Annucci, 176 AD3d 1277, 1278 [2019]).
The first misbehavior report, hearing testimony and associated documentation, as well as the confidential testimony and documentation considered by the Hearing Officer in camera, constitute substantial evidence supporting the determination with regard to the remaining charges for which petitioner was found guilty (see Matter of Degraffenreid v Venettozzi, 178 AD3d 1229, 1229-1230 [2019]; Matter of Harris v Annucci, 148 AD3d 1385, 1385 [2017]). Contrary to petitioner's suggestion, the Hearing Officer was able to independently gauge the credibility and reliability of the confidential informants via the evidence corroborating aspects of their accounts and the confidential testimony of the investigating officer regarding their past reliability and their current lack of motivation to lie (see Matter of Williams v Fischer, 18 NY3d 888, 890 [2012]; Matter of Clark v Annucci, 128 AD3d 1254, 1254-1255 [2015]; Matter of McDuffy v Fischer, 107 AD3d 1190, 1190 [2013]). The Hearing Officer was free to, and did, credit the foregoing proof over the conflicting testimony of petitioner and his witnesses (see Matter of Harris v Annucci, 148 AD3d at 1385).
Notwithstanding petitioner's further complaint, our review confirms that there was nothing [*2]inconsistent in finding him guilty of certain charges in the first misbehavior report while also administratively dismissing the drug possession charge in the second misbehavior report (see Matter of Jackson v Goord, 8 AD3d 852, 853 [2004]). Petitioner's remaining contentions, to the extent that they are preserved for our review, have been examined and lack merit.
Egan Jr., J.P., Lynch, Aarons, Pritzker and Colangelo, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing contraband and imposed a penalty; petition granted to that extent, the Commissioner of Corrections and Community Supervision is directed to expunge all references to this charge from petitioner's institutional record and matter remitted to the Commissioner of Corrections and Community Supervision for an administrative redetermination of the penalty imposed on the remaining violations; and, as so modified, confirmed.