Matter of Williams v Martuscello (2026 NY Slip Op 01576)

Matter of Williams v Martuscello

2026 NY Slip Op 01576

Decided on March 19, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 19, 2026

CV-25-1176
[*1]In the Matter of Tevin Williams, Petitioner,
vDaniel F. Martuscello III, as Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:February 6, 2026

Before:Garry, P.J., Pritzker, McShan, Powers and Mackey, JJ.

Tevin Williams, Wallkill, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, an incarcerated individual, was charged in a misbehavior report with smuggling and violating facility visiting procedures after he was observed on facility video appearing to take an unknown item from his visitor and stuffing it into his pants. Following a tier III disciplinary hearing, he was found guilty as charged. The determination was affirmed upon administrative appeal, and this CPLR article 78 proceeding ensued.
We confirm. Although no contraband was recovered, the misbehavior report and evidence presented at the hearing, including video footage of the incident, still constitutes substantial evidence to support the finding of guilt (see Matter of Watkins v Prack, 133 AD3d 991, 992 [3d Dept 2015], lv dismissed 27 NY3d 1017 [2016]; Matter of Gren v Annucci, 119 AD3d 1307, 1308 [3d Dept 2014]). The innocuous explanation petitioner offered for his behavior created a credibility issue for the Hearing Officer to resolve (see Matter of Dunbar v Annucci, 173 AD3d 1598, 1599 [3d Dept 2019]; Matter of Watkins v Prack, 133 AD3d at 992).
Turning to petitioner's procedural challenges, the misbehavior report "was sufficiently detailed to provide [him] with adequate notice of the charges and an opportunity to prepare a defense" as required (Matter of Bachiller v Annucci, 166 AD3d 1186, 1187 [3d Dept 2018]; see 7 NYCRR 251-3.1 [c]). Petitioner's requests for witnesses and video to establish that no contraband was recovered from him after the incident, a fact that was not in dispute and did not form the basis for any of the charges against him, were properly denied by the Hearing Officer as irrelevant (see Matter of Maynard v Bondarenka, 240 AD3d 1117, 1118 [3d Dept 2025]; Matter of Horton v Annucci, 163 AD3d 1385, 1386 [3d Dept 2018]). Further, "there is nothing in the record to indicate that the Hearing Officer was biased or that the determination flowed from any alleged bias" (Matter of Horton v Annucci, 163 AD3d at 1386). To the extent that petitioner's remaining contentions are properly before us, they have been considered and found to be without merit.
Garry, P.J., Pritzker, McShan, Powers and Mackey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.