In the Matter of GEORGE WATSON, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [969 NYS2d 263]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

While a multiple-inmate altercation was in progress in the large recreation yard, a correction officer observed petitioner chasing another inmate across the yard making slashing motions at his head. Thereafter, an exacto blade wrapped in electrical tape was found on the ground next to petitioner's foot and the inmate who petitioner was chasing was discovered to have sustained multiple lacerations to his head and face requiring 95 sutures. As a result, petitioner was charged in a misbehavior report with engaging in violent conduct, assaulting another inmate and fighting. Following a tier III disciplinary hearing, he

was found guilty of the charges and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

Initially, inasmuch as petitioner pleaded guilty to engaging in violent conduct, he is precluded from challenging the sufficiency of the evidence supporting that part of the determination (*see Matter of Nunez v Unger*, 93 AD3d 986, 986 [2012]; *Matter of Lineberger v Bezio*, 89 AD3d 1293, 1294 [2011], *appeal dismissed* 19 NY3d 847 [2012]). As for that part of the determination finding petitioner guilty of fighting and assaulting another inmate, the record contains substantial evidence to support the determination (*see generally Matter of Gourdine v Goord* 18 AD3d 1045, 1045-1046 [2005]). Although no one observed petitioner with a weapon in his hand, a correction officer testified that he did observe petitioner making slashing motions at the head of the victim. Insofar as petitioner denied that he assaulted or fought with the victim and the inmates who were present in the yard, including the victim himself, corroborated petitioner's story, the contradictory testimony created a credibility issue for the Hearing Officer to resolve (*see Matter of Harvey v Fischer*, 94 AD3d 1303 [2012]). Petitioner's other contentions, to the extent that they are properly before us, have been considered and are unpersuasive.

Peters, P.J., Rose, Lahtinen and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.