■ In the Matter of GEOVANNY FERNANDEZ, Petitioner, v BRIAN S. FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [973 NYS2d 886]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with violating the prison disciplinary rules prohibiting violent conduct, creating a disturbance, assault, fighting and weapons possession as a result of a fight between himself and another inmate. Following a tier III disciplinary hearing, he was found guilty as charged. Petitioner commenced this CPLR article 78 proceeding after the determination was affirmed upon administrative appeal.

We confirm. Contrary to petitioner's contention, the detailed misbehavior report, combined with the testimony and documentation provided by prison officials who witnessed the aftermath of the incident and investigated it, constitute substantial evidence to support the determination of guilt. Despite the fact that the weapon was not recovered, the victim told prison officials that he had been stabbed by petitioner, and other evi-

dence demonstrated that the victim had sustained numerous puncture wounds (*see Matter of Sheppard v Goord*, 264 AD2d 916, 917 [1999]). Petitioner's contrary assertion that he had not attacked the victim created a credibility question for the Hearing Officer to resolve (*see Matter of Watson v Fischer*, 108 AD3d 1006, 1006 [2013]).

Petitioner was not deprived of his right to call an inmate witness, as the victim consistently refused to testify and made his reasons for doing so clear in a refusal form (*see Matter of Lamage v Fischer*, 100 AD3d 1176, 1176 [2012]; *Matter of Hill v Selsky*, 19 AD3d 64, 66-67 [2005]). Petitioner's remaining contentions, to the extent they are properly before us, have been considered and found to lack merit.

Rose, J.P., Stein, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.