Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.
Petitioner, a prison inmate, was on mental health watch when he began punching a wall and spitting on the floor. After a correction officer ordered him to desist, petitioner exposed himself and urinated on the floor, berating the officer and using a racial epithet. As a result, petitioner was charged with lewd conduct, committing an unhygienic act and refusing a direct order and, following a tier III disciplinary hearing, he was found guilty of all charges. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding to challenge the determination.
We confirm. To the extent that petitioner challenges the evidence upon which the determination was founded, the misbehavior report, along with the testimony of its author, provide the requisite substantial evidence (see Matter of Harrison v Fischer, 104 AD3d 1032, 1032 [2013]; Matter of Alston v Fischer, 104 AD3d 974, 974 [2013], lv denied 21 NY3d 857 [2013]). Petitioner’s contention that the charges were in retaliation for reports he had filed against certain correction officers raised a credibility issue to be resolved by the Hearing Officer (see Matter of Blackwell v Fischer, 106 AD3d 1346, 1346 [2013]; Matter of Fowler v Fischer, 106 AD3d 1344, 1345 [2013], lv denied 21 NY3d 865 [2013]). The record further demonstrates that, consistent with the regulations, the Hearing Officer conducted an in camera interview with a representative from the Office of Mental Health and properly considered petitioner’s mental state, as reflected in the written disposition of the charges (see 7 NYCRR 254.6 [c] [3]; [f]; Matter of Scott v Fischer, 82 AD3d 1431, 1432 [2011]). Finally, the record belies petitioner’s assertion that he was improperly denied an employee assistant, inasmuch as two different correction officers testified that they served him with an assistance form and he refused to select one and petitioner admitted that, when given the second op *1421 portunity, he tore the assistant form in half and dropped it in the toilet (see Matter of White v Fischer, 87 AD3d 1249, 1250 [2011]; Matter of Warren v Fischer, 63 AD3d 1466, 1467 [2009]).
We have considered petitioner’s remaining contentions and find them to be without merit.
Peters, P.J., Rose, Stein and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.