*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    September 11, 2014          517823
_____

In the Matter of STUART DIZAK,
                    Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT

ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
                    Respondent.
_____

Calendar Date:   August 4, 2014

Before:   Peters, P.J., Stein, McCarthy, Lynch and Devine, JJ.

                    _____

        Stuart Dizak, Dannemora, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondent.

                    _____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

        As a group of inmates was lining up to proceed to the mess hall, a correction officer noted that petitioner was walking in the opposite direction and attempting to conceal items under his coat.  The officer discovered that the items were an envelope and notepad, and he ordered petitioner to turn them over for inspection.  Petitioner refused and thereafter attempted to flee, requiring that he be restrained.  As a result, petitioner was charged in a misbehavior report with engaging in violent conduct, refusing a direct order, refusing to comply with frisk procedures

and employee interference.  He was found guilty as charged following a tier III disciplinary hearing.  The determination was affirmed upon administrative appeal, and this CPLR article 78 proceeding ensued.

Upon review of the misbehavior report and supporting documentation, as well as the testimony of the correction officer who authored the report and petitioner himself, we find substantial evidence in the record to support that part of the determination finding petitioner guilty of refusing a direct order, refusing to comply with frisk procedures and employee interference (see Matter of Fragosa v Moore, 93 AD3d 979, 979-980 [2012]; Matter of Irwin v Fischer, 85 AD3d 1336, 1337 [2011], lv denied 17 NY3d 712 [2011]).  The charge of engaging in violent conduct, however, is not similarly supported.  Although the misbehavior report and documentary evidence indicate that petitioner was resistant in some way when he was forced to the ground and restrained, the record is silent as to the nature of that noncompliance and the officer testified to nothing beyond the fact that he grabbed petitioner's arm and pushed him to the ground.  Thus, the finding that petitioner engaged in violent conduct cannot be sustained, and this matter must be remitted for a redetermination of the penalty given that the penalty included a recommended loss of good time (see Matter of Reynolds v Selsky, 270 AD2d 743, 744 [2000]; cf. Matter of Hodge v Selsky, 53 AD3d 953, 954 [2008]).

Contrary to petitioner's further argument, the record demonstrates that he was not deprived of his right to call relevant witnesses (see Matter of Moreno v Fischer, 100 AD3d 1167, 1168 [2012]).  Petitioner's contention that the hearing was not conducted in a timely fashion is unpreserved due to his failure to raise that objection at the hearing itself (see Matter of Creamer v Venettozzi, 117 AD3d 1254, 1255 [2014]).  His remaining contentions, to the extent they are properly before us, have been examined and rejected.

Peters, P.J., Stein, McCarthy, Lynch and Devine, JJ., concur.

ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of engaging in violent conduct; petition granted to that extent, the Commissioner of Corrections and Community Supervision is directed to expunge all references to this charge from petitioner's institutional record, and matter remitted to the Commissioner for an administrative redetermination of the penalty imposed upon the remaining violations; and, as so modified, confirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court