*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 13, 2014            518442
_____

In the Matter of NIGEL SPENCER,
                    Petitioner,

        v

                                        MEMORANDUM AND JUDGMENT

ANTHONY ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:  September 16, 2014

Before:  Lahtinen, J.P., Garry, Egan Jr., Lynch and Devine, JJ.

                    _____

        Nigel Spencer, Auburn, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondent.

                    _____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

        After an inmate was attacked with an edged weapon, an eyewitness confidentially identified petitioner as the aggressor. As a result, petitioner was charged in a misbehavior report with violations of various prison disciplinary rules.  The initial determination was reversed upon administrative review but, following a rehearing, petitioner was found not guilty of creating a disturbance but guilty of engaging in violent conduct, assault and weapons possession.  That determination was affirmed upon administrative appeal, prompting this CPLR article 78 proceeding.

We confirm. The misbehavior report and confidential information considered by the Hearing Officer, including the testimony of the correction sergeant who spoke to the eyewitness and authored the misbehavior report, provide substantial evidence to support the determination of guilt (see Matter of Walker v Fischer, 113 AD3d 977, 977 [2014], lv denied 23 NY3d 905 [2014]; Matter of Smythe v Fischer, 102 AD3d 1039, 1040 [2013]). Contrary to petitioner's further argument, "the Hearing Officer conducted a proper inquiry to ascertain the credibility and reliability of the information provided by the confidential source by interviewing the correction sergeant who spoke with this individual" (Matter of Smythe v Fischer, 102 AD3d at 1040; see Matter of Williams v Fischer, 18 NY3d 888, 890 [2012]). The victim's contradictory testimony that petitioner was not the attacker created a credibility issue for the Hearing Officer to resolve (see Matter of Watson v Fischer, 108 AD3d 1006, 1007 [2013]). Petitioner's remaining contentions, to the extent they are preserved for our review, have been considered and found to lack merit.

Lahtinen, J.P., Garry, Egan Jr., Lynch and Devine, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court