## State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  December 11, 2014                518754
_____

In the Matter of ANTHONY DAVIS,
                Petitioner,

      v                              MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
   Commissioner of Corrections
   and Community Supervision,
                Respondent.
_____

Calendar Date:  October 21, 2014

Before:  Lahtinen, J.P., Garry, Rose, Lynch and Clark, JJ.

_____

       Anthony Davis, Stormville, petitioner pro se.

       Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

       Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

       Petitioner was charged in a misbehavior report with assault, committing a sex offense, interfering with staff, being out of place, and leaving an assigned area without authorization. The charges stem from an incident wherein petitioner, while working as a porter in the infirmary, allegedly touched a nurse's buttocks and, after being rebuked by the nurse, left his assigned area and returned to his cell without authorization.  Following a tier III disciplinary hearing, petitioner was found guilty of all charges.  On administrative appeal, the determination was modified to the extent that the assault charge was dismissed and

the penalty reduced. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, unusual incident report and testimony at the hearing, including that of the nurse involved in the incident, provide substantial evidence to support the determination of guilt (see Matter of Lewis v Leclaire, 48 AD3d 875, 875 [2008]). Contrary to petitioner's contention, the intentional and unprovoked rubbing of an intimate part of the nurse's body constitutes a violation of the rule charged (see 7 NYCRR 270.2 [B] [2] [ii]; see also Matter of Gibson v Coughlin, 142 AD2d 862, 863 [1988]).

We are also unpersuaded by petitioner's contention that he was improperly denied the right to call a witness. The record reflects that the requested witness was not present during the incident and could offer no material or relevant information with regard to the charges (see Matter of Credell v Fischer, 120 AD3d 857, 857 [2014]). We have reviewed petitioner's remaining contentions and find them to be without merit.

Lahtinen, J.P., Garry, Rose, Lynch and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court