*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 5, 2015                    519097
_____

In the Matter of PETER LOPEZ,
                    Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT
NEW YORK STATE DEPARTMENT OF
    CORRECTIONS AND COMMUNITY
    SUPERVISION,
                    Respondent.
_____

Calendar Date:  December 2, 2014

Before:  Peters, P.J., Rose, Egan Jr. and Devine, JJ.

                    _____


        Peter Lopez, Napanoch, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.

                    _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Commissioner of Corrections and
Community Supervision which found petitioner guilty of violating
certain prison disciplinary rules.

        During the course of an investigation in which confidential
information was received, correction officials discovered that
petitioner had perpetrated an assault upon another inmate causing
him injuries.  As a result, he was charged in a misbehavior
report with assaulting an inmate, creating a disturbance,
engaging in violent conduct and possessing a weapon.  He was
found guilty of the charges following a tier III disciplinary
hearing and the determination was later affirmed on
administrative appeal.  This CPLR article 78 proceeding ensued.

Initially, respondent concedes and we agree that substantial evidence does not support that part of the determination finding petitioner guilty of creating a disturbance (see Matter of Walker v Fischer, 108 AD3d 999, 1000 [2013]). We further find, upon a thorough review of the record, that substantial evidence does not support that part of the determination finding petitioner guilty of possessing a weapon inasmuch as no weapon was ever recovered, no one witnessed petitioner in possession of a weapon and the medical evidence on this issue is not compelling (compare Matter of Fernandez v Fischer, 110 AD3d 1422, 1422-1423 [2012]). Therefore, the determination of guilt with respect to these two charges must be annulled. Inasmuch as a loss of good time was imposed, the matter must be remitted for a redetermination of the penalty on the remaining charges, which we find to be supported by substantial evidence (see Matter of Dizak v Prack, 120 AD3d 1472, 1473 [2014]; Matter of Haigler v Fischer, 119 AD3d 1261, 1262 [2014], lv denied 24 NY3d 908 [2014]).

The misbehavior report and related documentation, together with the testimony presented both at the hearing and confidentially, provide substantial evidence supporting that part of the determination finding petitioner guilty of assaulting an inmate and engaging in violent conduct (see Matter of Espinal v Fischer, 114 AD3d 978, 978-979 [2014]; Matter of Williams v Fischer, 111 AD3d 1001, 1001 [2013]). Although petitioner denied any misconduct and claimed to be a victim of retaliation, this presented a credibility issue for the Hearing Officer to resolve (see Matter of Clark v Fischer, 120 AD3d 1468, 1469 [2014], lv denied ___ NY3d ___ [Jan. 8, 2015]; Matter of Lashway v Fischer, 110 AD3d 1420, 1420 [2013]). Moreover, there is nothing to indicate that the Hearing Officer was involved in the investigation and should not have presided over the hearing or that he was biased (see Matter of Olutosin v Fischer, 98 AD3d 1178, 1179 [2012], lv denied 20 NY3d 855 [2013]; see also 7 NYCRR 254.1). Petitioner's remaining contentions, including his claims that he was improperly denied witnesses as well as certain documentary evidence, have been considered and are lacking in merit.

Peters, P.J., Rose, Egan Jr. and Devine, JJ., concur.


ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of creating a disturbance and possessing a weapon; petition granted to that extent, the Commissioner of Corrections and Community Supervision is directed to expunge all references to these charges from petitioner's institutional record, and matter remitted to the Commissioner of Corrections and Community Supervision for an administrative redetermination of the penalty on the remaining violations; and, as so modified, confirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court