*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 21, 2015                519534
_____

In the Matter of HASANI POMPEY,
                    Petitioner,

        v                                MEMORANDUM AND JUDGMENT

ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
                    Respondent.
_____

Calendar Date:  March 31, 2015

Before:  Peters, P.J., Lahtinen, Garry and Lynch, JJ.

                    _____

        Hasani Pompey, Pine City, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.

                    _____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Commissioner of Corrections and
Community Supervision which found petitioner guilty of violating
certain prison disciplinary rules.

        During the course of an investigation in which confidential
information was received, correction officials discovered that
petitioner perpetrated an assault upon another inmate, causing
him injuries.  As a result, he was charged in a misbehavior
report with assaulting another inmate and engaging in violent
conduct.  Following a tier III disciplinary hearing, petitioner
was found guilty of both charges.  The determination was
subsequently reversed upon administrative appeal and a rehearing
was ordered.  Following the rehearing, petitioner was again found

guilty as charged.  That determination was affirmed upon administrative appeal, and this CPLR article 78 proceeding ensued.

We confirm.  The misbehavior report, rehearing testimony and confidential information considered by the Hearing Officer in camera provide substantial evidence to support the determination of guilt (see Matter of Lopez v New York State Dept. of Corr. & Community Supervision, 125 AD3d 1032, 1033 [2015]; Matter of McCain v Fischer, 104 AD3d 1009, 1009 [2013]).  Contrary to petitioner's contention, "the Hearing Officer made an independent assessment of the reliability of the confidential information based upon his interview with the correction sergeant, who conducted the investigation" (Matter of White v Fischer, 121 AD3d 1478, 1479 [2014]; see Matter of Spencer v Annucci, 122 AD3d 1043, 1044 [2014]).  Nor are we persuaded by petitioner's claim that the rehearing was not conducted in a timely manner (see Matter of Jay v Fischer, 120 AD3d 1466, 1466 [2014], lv denied 24 NY3d 909 [2014]; Matter of McFadden v Prack, 120 AD3d 853, 855 [2014], lv dismissed 24 NY3d 930 [2014], lv denied 24 NY3d 908 [2014]).

Peters, P.J., Lahtinen, Garry and Lynch, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court