## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  March 17, 2016          520560
_____

In the Matter of COREY DAVIS,
                    Petitioner,

       v

ANTHONY J. ANNUCCI, as                  MEMORANDUM AND JUDGMENT
    Acting Commissioner of
    Corrections and Community
    Supervision,
                    Respondent.
_____

Calendar Date:  January 19, 2016

Before:  Garry, J.P., Egan Jr., Rose and Lynch, JJ.

_____

       Michael Cassidy, Prisoners' Legal Services of New York,
Plattsburgh, for petitioner.

       Eric T. Schneiderman, Attorney General, Albany (Martin A.
Hotvet of counsel), for respondent.

_____

       Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Franklin County)
to review a determination of respondent finding petitioner guilty
of violating certain prison disciplinary rules.

       Following an assault on an inmate in a prison bathroom by
several inmates, petitioner was charged in a misbehavior report
with assaulting an inmate, violent conduct, creating a
disturbance, possessing a weapon and gang activity.  At the tier
III disciplinary hearing, confidential testimony was submitted in
camera positively identifying petitioner as one of the attackers
and related confidential documents were received into evidence.
Petitioner was found guilty of all charges except the gang

activity charge and a penalty was imposed.  The determination was upheld on administrative appeal and petitioner thereafter commenced this CPLR article 78 proceeding.

The misbehavior report together with the confidential testimony and documents considered by the Hearing Officer in camera provide substantial evidence to support the finding of guilt (see Matter of McCain v Fischer, 104 AD3d 1009, 1009 [2013]).  Contrary to petitioner's contentions, we are satisfied that the Hearing Officer was able to independently assess the credibility and reliability of the confidential information given the details provided regarding the attack, as well as the in camera testimony of one of the confidential sources who the Hearing Officer concluded had been truthful and believable (see Matter or Clark v Annucci, 128 AD3d 1254, 1254-1255 [2015]; Matter of Rosario v Annucci, 127 AD3d 1477, 1478 [2015]). Petitioner's denial that he was involved in the attack created a credibility issue to be resolved by the Hearing Officer (see Matter of Perkins v Annucci, 129 AD3d 1421, 1421 [2015]). Moreover, the charges of which he was found guilty were not dependent upon the gang activity charge, which the Hearing Officer found had not been substantiated; there was nothing inconsistent about finding him guilty of participating in the attack and possessing a weapon but not guilty of gang activity (see Matter of Jackson v Goord, 8 AD3d 852, 853 [2004]).  We have considered petitioner's remaining contentions and find that they lack merit.

Garry, J.P., Egan Jr., Rose and Lynch, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court