*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 14, 2016                    520490
_____

In the Matter of JOHNATHAN
    RAMIREZ,
                        Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____

Calendar Date:  February 23, 2016

Before:  Lahtinen, J.P., McCarthy, Egan Jr. and Devine, JJ.

_____

        Johnathan Ramirez, Attica, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this
court by order of the Supreme Court, entered in Franklin County)
to review a determination of respondent finding petitioner guilty
of violating certain prison disciplinary rules.

        Following an assault on an inmate in a prison cell by
multiple inmates, petitioner was charged in a misbehavior report
with assaulting an inmate, violent conduct, creating a
disturbance and possessing a weapon.  Following a tier III
disciplinary hearing, petitioner was found guilty of all charges,
and a penalty was imposed.  The finding of guilt was affirmed on
administrative appeal, with a modified penalty.  Petitioner
thereafter commenced this CPLR article 78 proceeding.

We confirm. Contrary to petitioner's contention, a review of the record, including the Hearing Officer's consideration of the misbehavior report together with the testimony and documentation provided by prison officials who witnessed the aftermath of the incident and investigated it, provide substantial evidence to support the determination of guilt (see Matter of James v New York State Dept. of Corr. & Community Supervision, 127 AD3d 1537, 1537 [2015]; Matter of Fernandez v Fischer, 110 AD3d 1422, 1422-1423 [2013]; Matter of Watson v Fischer, 108 AD3d 1006, 1007 [2013]; cf. Matter of Lopez v New York State Dept. of Corr. & Community Supervision, 125 AD3d 1032, 1033 [2015]). Petitioner's contrary assertion that he did not attack the victim, in addition to the testimony from the victim and other inmates indicating that they did not see who had done the stabbing, created credibility questions for the Hearing Officer to resolve (see Matter of James v New York State Dept. of Corr. & Community Supervision, 127 AD3d at 1537-1538; Matter of Spencer v Annucci, 122 AD3d 1043, 1044 [2014]; Matter of Watson v Fischer, 108 AD3d 1006, 1007 [2013]).

To the extent that petitioner preserved for our review his contention that the hearing was prematurely commenced (see 7 NYCRR 253.6 [a]), the record reflects that, although the hearing was initially commenced approximately 20 hours after petitioner met with his assistant, the Hearing Officer, after reading the misbehavior report into the record and allowing petitioner to plead not guilty, adjourned the hearing for a week during which time petitioner was provided with the investigative report. Accordingly, we find that petitioner was not prejudiced by any purported error in commencing the hearing approximately four hours too early, and petitioner had an adequate amount of time to review the relevant documents and prepare a defense (see Matter of Gray v Kirkpatrick, 59 AD3d 1092, 1093 [2009]; Matter of Rodriguez v Herbert, 270 AD2d 889, 889 [2000]).

Lahtinen, J.P., McCarthy, Egan Jr. and Devine, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court