### State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  September 22, 2016                    522288
_____

In the Matter of CHRISTOPHER
    ELLISON,
                        Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____

Calendar Date:  August 8, 2016

Before:  Peters, P.J., Garry, Lynch, Devine and Mulvey, JJ.

_____

        Christopher Ellison, Comstock, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Frank Brady
of counsel), for respondent.

_____

        Combined proceeding pursuant to CPLR article 78 and action
for declaratory judgment (transferred to this Court by order of
the Supreme Court, entered in Chemung County) to, among other
things, review a determination of respondent finding petitioner
guilty of violating certain prison disciplinary rules.

        Based upon information from a confidential source,
petitioner was charged in a misbehavior report with assault on an
inmate and possession of a weapon.  Following a tier III
disciplinary hearing, petitioner was found guilty of both
charges.  The determination was subsequently reversed upon
administrative appeal and a rehearing was ordered.  Following the
rehearing, petitioner again was found guilty as charged.  That
determination was affirmed upon administrative appeal.

Petitioner commenced this combined CPLR article 78 proceeding and action for declaratory judgment seeking to vacate the determination and a declaration that there is no regulatory requirement that a prisoner at a disciplinary hearing need to impose an objection in order to preserve his or her challenges for administrative or judicial review. Supreme Court thereafter transferred the matter to this Court.

The misbehavior report, testimony at the hearing and confidential information provide substantial evidence to support the determination of guilt (see Matter of Davis v Annucci, 137 AD3d 1437, 1438 [2016]; Matter of Adams v Fischer, 116 AD3d 1269, 1270 [2014]). Contrary to petitioner's contention, we find that the Hearing Officer's interview with the author of the misbehavior report and review of the information from the confidential source was sufficiently detailed with regard to the attack to allow the Hearing Officer to independently assess the credibility and reliability of the confidential information (see Matter of Davis v Annucci, 137 AD3d at 1438; Matter of Al-Matin v Prack, 131 AD3d 1293, 1293 [2015], lv denied 26 NY3d 913 [2015]; Matter of Spencer v Annucci, 122 AD3d 1043, 1044 [2014]).

Nevertheless, respondent concedes, and our review of the record confirms, that the Hearing Officer improperly denied petitioner's request to call relevant witnesses, including the correction officers present at the time of the alleged incident. As the record reflects that the Hearing Officer gave a good-faith basis for the denial of the witnesses, this amounts to a regulatory violation such that the proper remedy is to remit the matter for a new hearing (see Matter of Griffin v Prack, 110 AD3d 1287, 1287 [2013]; Matter of Moulton v Fischer, 100 AD3d 1131, 1131-1132 [2012], lv dismissed 20 NY3d 1021 [2013]). In view of the foregoing, the remaining issues raised by petitioner in the CPLR article 78 proceeding need not be addressed.

To the extent that petitioner requests declaratory relief, such relief is not authorized in a transferred proceeding pursuant to CPLR 7804 (g), and that part of the matter must therefore be remitted to Supreme Court for further proceedings and for the entry of an appropriate judgment thereon (see Matter of Watson v New York State Dept. of Corr. & Community

<u>Supervision</u>, 108 AD3d 817, 818 [2013], <u>lv dismissed</u> 22 NY3d 914 [2013], <u>lv denied</u> 23 NY3d 902 [2014]; <u>Nunez v LaValley</u>, 95 AD3d 1583, 1584 [2012]).

Peters, P.J., Garry, Lynch, Devine and Mulvey, JJ., concur.


ADJUDGED that (1) the action for declaratory judgment is severed and said matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision, and (2) the determination is annulled, without costs, and the CPLR article 78 proceeding remitted to respondent for further proceedings not inconsistent with this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court