## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  January 5, 2017               522599
_____

In the Matter of MANUEL MOSLEY,
                    Petitioner,

          v                          MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:  November 22, 2016

Before:  Garry, J.P., Egan Jr., Rose, Clark and Mulvey, JJ.

_____


        Barclay Damon, LLP, Albany (Caitlin Monjeau of counsel),
for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (Laura
Etlinger of counsel), for respondent.

_____


Rose, J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent finding petitioner guilty of
violating certain prison disciplinary rules.

        While inmates were returning from recreation, a correction
officer observed petitioner exit the gym, walk toward another
inmate and make a slashing motion toward the inmate's face.  The
officer then witnessed petitioner push the inmate into the snow
and drop an unknown object near the walkway.  Petitioner and the
other inmate, both of whom had lacerations, were immediately
taken to the infirmary.  The inmates remaining in the vicinity

were diverted to other areas and the location where the unknown object was dropped was secured. Approximately an hour later, the secured location was searched with a metal detector and a cutting-type weapon made from a state-issued razor blade imbedded in a toothbrush handle was recovered in the snow near the walkway. As a result of this incident, petitioner was charged in a misbehavior report with assaulting an inmate, possessing a weapon, engaging in violent conduct, creating a disturbance and possessing an altered item. Following a tier III disciplinary hearing, he was found guilty of the charges, and the determination was later affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

Petitioner initially asserts that substantial evidence was not adduced establishing that he was in possession of the weapon. We disagree. The misbehavior report and related documentation confirm that, from the time petitioner was observed dropping the weapon to the point at which it was discovered, the area was secured and no other inmates had access to it. Accordingly, we find that substantial evidence supports the determination of guilt (see Matter of Quezada v Fischer, 113 AD3d 1004, 1004 [2014]; Matter of Flores v Fischer, 110 AD3d 1302, 1302-1303 [2013], lv denied 22 NY3d 861 [2014]).

Nevertheless, respondent concedes, and we agree, that the Hearing Officer improperly denied petitioner's request to have a State Police investigator testify and failed to make a proper inquiry into the reasons that certain inmate witnesses refused to testify. Although the Hearing Officer denied the investigator's testimony as irrelevant because he was not present at the time of the attack and his investigation was separate from the one conducted by correction officials, petitioner maintained that the investigator obtained statements during the course of his investigation that materially contradicted the evidence relied upon by correction officials. Inasmuch as such testimony would have been potentially helpful to petitioner's defense, the Hearing Officer erred in denying it. However, given that the Hearing Officer articulated a good-faith reason for such denial, this was at most a regulatory violation entitling petitioner to a new hearing and not expungement (see Matter of Ellison v Annucci, 142 AD3d 1233, 1234 [2016]; Matter of Williams v Annucci, 137

AD3d 1355, 1356 [2016], lv denied 27 NY3d 908 [2016]; Matter of Hand v Gutwein, 113 AD3d 975, 976 [2014], lv denied 22 NY3d 866 [2014]).

As for the inmate witnesses' refusal to testify, the Hearing Officer relied upon the notations contained in the employee assistant form indicating that they were interviewed as potential witnesses, but did not agree to testify. The Hearing Officer, however, did not make any inquiry into the reasons for their refusal or obtain written refusal forms from them. Although this constituted a denial of petitioner's right to call witnesses, it too was only a regulatory violation inasmuch as the employee assistant had ascertained whether the inmate witnesses would be willing to testify and the Hearing Officer's reliance on the employee assistant form constitutes a good-faith basis for denying petitioner's request (see Matter of Dickerson v Fischer, 105 AD3d 1232, 1232 [2013]; Matter of Pitts v Fischer, 98 AD3d 762, 762-763 [2012]). Despite petitioner's contention, our decision in Matter of Alvarez v Goord (30 AD3d 118 [2006]) is not to the contrary.

Given that annulment of the underlying determination is not warranted on evidentiary grounds, we remit the matter to respondent for a new hearing based upon the foregoing regulatory violations. In view of our disposition, we need not address petitioner's remaining claims.

Garry, J.P., Egan Jr., Clark and Mulvey, JJ., concur.


ADJUDGED that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court