■ In the Matter of JOSE PAGAN, Petitioner, v DONALD VENET-TOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [57 NYS3d 736]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

An internal prison investigation revealed that petitioner had entered another inmate's living space and demanded that the inmate perform a sexual act upon him. When the inmate refused to do so, petitioner grabbed and pushed the inmate and threatened that harm would be done to him if the inmate told anyone about the incident, whereupon the inmate began to perform, but did not complete, the sexual act that petitioner had demanded. Thereafter, petitioner was charged in a misbehavior report with committing a sex offense and making threats. Following a tier III disciplinary hearing, petitioner was found guilty of the charges. Upon administrative review, that determination was upheld. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, the victim's photo array identification of petitioner and related confidential documentary evidence provide substantial evidence to support the determination of guilt (*see Matter of Davis v Annucci*, 123 AD3d 1279, 1279 [2014]; *Matter of Hood v Goord*, 36 AD3d 1064, 1065 [2007]; *Matter of Rolon v Goord*, 288 AD2d 778, 779 [2001]). Contrary to petitioner's claim, it was not necessary for the author of the report to actually witness the incident, as it was sufficient that she acquired knowledge through her investigation and conversations with the inmate who was involved in the incident (*see* 7 NYCRR 251-3.1 [b]; *Matter of Cornelius v Fischer*, 98 AD3d 779, 780 [2012]). Petitioner's denial of the charges and claim that he did not know the inmate involved in the incident presented a credibility determination for the Hearing Officer to resolve (*see Matter of*

*Ramirez v Annucci*, 138 AD3d 1262, 1263 [2016]; *Matter of Beasley v Venettozzi*, 122 AD3d 1038, 1038 [2014]).

Turning to petitioner's procedural contentions, we find that the misbehavior report, which alleged, among other things, the particulars of the incident and the time, location and date on which it occurred, was sufficiently specific to apprise petitioner of the charges and to allow him to prepare a meaningful defense (*see* 7 NYCRR 251-3.1 [c]; *Matter of Harris v Annucci*, 148 AD3d 1385, 1385 [2017]). We also reject petitioner's claim of inadequate employee assistance premised upon the assistant's failure to provide him with certain documents or to interview witnesses. Petitioner did not ask his employee assistant to interview any witnesses prior to the hearing, and petitioner was informed at the hearing that the unusual incident report did not exist and that he did not have a right to obtain copies of the victim's medical report and disciplinary record (*see Matter of Wilson v Annucci*, 129 AD3d 1422, 1422 [2015]; *Matter of Martin v Fischer*, 109 AD3d 1026, 1027 [2013]). Nor was petitioner deprived of the right to call any witnesses at the hearing, as the record reflects that the requested witnesses, including the victimized inmate, never agreed to testify, and the Hearing Officer reviewed the witnesses' reasons for refusing to testify with petitioner at the hearing (*see Matter of Allah v Venettozzi*, 147 AD3d 1133, 1133 [2017]; *Matter of Clark v Fischer*, 120 AD3d 1468, 1469 [2014], *lv denied* 24 NY3d 912 [2015]). Petitioner's remaining contentions are either unpreserved for our review or are lacking in merit.

Peters, P.J., Garry, Egan Jr., Devine and Aarons, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.