■ In the Matter of JATHNIEL ESTRADA MENDEZ, Petitioner, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [62 NYS3d 833]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

During the course of an investigation, correction officials received confidential information revealing that petitioner had ordered an assault on a certain inmate and that, in accordance with that order, another inmate carried out the assault. As a result, petitioner was charged in a misbehavior report with assaulting an inmate, creating a disturbance, organizing action that is detrimental to the order of the facility and engaging in violent conduct. Following a tier III disciplinary hearing, he was found guilty of engaging in violent conduct, but not guilty of the other charges. The determination was later affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, testimony of its author and confidential testimony considered by the Hearing Officer in camera provide substantial evidence supporting the determination of guilt (*see Matter of Chandler v Annucci*, 135 AD3d 1258, 1259 [2016]; *Matter of Pompey v Prack*, 128 AD3d 1251, 1252 [2015]). Contrary to petitioner's claim, the Hearing Officer conducted an independent assessment of the credibility of the confidential information by questioning the correction officials involved in the investigation who spoke with individuals having personal knowledge of the matter and who indicated that these individuals had provided reliable information in the past (*see Matter of Pompey v Prack*, 128 AD3d at 1252; *Matter of Thompson v Martuscello*, 105 AD3d 1218, 1219 [2013]). Although petitioner denied any involvement in ordering the assault, this presented a credibility issue for the Hearing Officer to resolve (*see Matter of Davis v Annucci*, 137 AD3d 1437, 1438 [2016]; *Matter of Sanchez v Fischer*, 92 AD3d 1061, 1062 [2012]).

In addition, we reject petitioner's claim that the hearing was not timely commenced in accordance with 7 NYCRR 251-5.1 (a). Inasmuch as petitioner was confined on charges arising from a prior misbehavior report at the time that the misbehavior report at issue was written, it was not imperative that the hearing begin within seven days of the date of the report (*see Matter of Bermudez v Fischer*, 107 AD3d 1269, 1270 [2013]; *Matter of Serrano v Goord*, 28 AD3d 838, 838 [2006]). Furthermore, upon reviewing the record, we do not find that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of Mears v Venettozzi*, 150 AD3d 1498, 1500 [2017]; *Matter of Medina v Prack*, 144 AD3d 1273, 1274 [2016]). We have considered petitioner's remaining contentions and find them to be unpersuasive.

McCarthy, J.P., Lynch, Clark, Mulvey and Rumsey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.