Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
 

 According to a misbehavior report, a correction officer observed petitioner throw a bottle into an adjacent empty cell. A search of the bottle revealed that it contained an “ice pick weapon sharpened to a point.” A subsequent search of petitioner’s cell led to the discovery of a razor blade, which was identified as contraband. The misbehavior report charged petitioner with possessing a weapon, possessing an authorized item that was altered and possessing contraband. After a tier III disciplinary hearing, petitioner was found guilty of the charges. Petitioner’s administrative appeal was unsuccessful, and this CPLR article 78 proceeding ensued.
 

 Initially, respondent concedes, and we agree, that substantial evidence does not support the charge of possessing contraband, and therefore that part of the determination must be annulled and all references to the charge must be expunged from petitioner’s institutional record. However, the misbehavior report, the testimony of its author and the unusual incident report provide substantial evidence supporting the determination of guilt as to the remaining charges (see Matter of Trisvan v Fischer, 71 AD3d 1253, 1254 [2010]; Matter of Muller v Fischer, 62 AD3d 1191, 1191 [2009]).
 

 As respondent further concedes, however, petitioner was improperly denied a witness. The Hearing Officer denied petitioner’s request to question a correction officer who searched the empty cell on the day prior to that upon which petitioner was alleged to have thrown the bottle, and petitioner claimed that the officer could confirm that the bottle was already in the empty cell. Contrary to the Hearing Officer’s conclusion, the testimony of this correction officer regarding whether the bottle was already in the empty cell would not have been irrelevant. Given that the Hearing Officer’s denial of the witness was made in good faith, the denial only constitutes a regulatory violation that requires a new hearing on the charges of possessing a weapon and possessing an authorized item that has been altered (see Matter of Ellison v Annucci, 142 AD3d 1233, 1234 [2016]; Matter of Moulton v Fischer, 100 AD3d 1131, 1131-1132 [2012], lv dismissed 20 NY3d 1021 [2013]). Petitioner’s remaining contentions are either rendered academic by the foregoing conclusions or are without merit.
 

 Garry, J.P., Egan Jr., Lynch, Mulvey and Aarons, JJ., concur.
 

 Adjudged that the determination is annulled, without costs, respondent is directed to expunge all references to the charge of possessing contraband from petitioner’s institutional record, and matter remitted to respondent for a rehearing on the remaining charges.