Matter of Ortiz v Annucci (2018 NY Slip Op 05552)





Matter of Ortiz v Annucci


2018 NY Slip Op 05552


Decided on July 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 26, 2018


[*1]In the Matter of ANGEL ORTIZ, 
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: June 11, 2018

Before: McCarthy, J.P., Egan Jr., Devine, Clark and Aarons, JJ.


Angel Ortiz, Watertown, appellant pro se.
Barbara D. Underwood, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Schick, J.), entered November 8, 2017 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Upon receipt of confidential information that petitioner had solicited services from another inmate to cause physical harm to a third inmate, petitioner was charged in a misbehavior report with solicitation, bribery, making threats and conduct involving threats of violence. Following a tier III hearing, petitioner was found guilty as charged. The determination was upheld on administrative appeal and petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition.[FN1]
Contrary to petitioner's contention, the misbehavior report, the hearing testimony of its author and the confidential testimony considered by the Hearing Officer in camera provide substantial evidence supporting the finding of guilt (see Matter of Mendez v Annucci, 155 AD3d 1146, 1147 [2017]; Matter of Harris v Annucci, 148 AD3d 1385, 1385 [2017]). Further, the Hearing Officer's confidential interview with the correction officer who authored the misbehavior report and conducted the investigation was sufficiently detailed to independently assess the reliability of the confidential information (see Matter of Johansel v Annucci, 155 AD3d 1147, 1148 [2017]; Matter of Pompey v Prack, 128 AD3d 1251, 1252 [2015]).
As to petitioner's procedural challenges, the misbehavior report was sufficiently detailed to provide him with adequate notice of the charges so as to enable him to prepare a defense (see 7 NYCRR 251-3.1 [c]). "Inasmuch as the misbehavior report was the result of an ongoing investigation and based upon confidential information, the lack of specific dates and times, as well as the withholding of the names of the other inmates involved, was acceptable" (Matter of Willacy v Fischer, 67 AD3d 1099, 1100 [2009] [citations omitted]; see Matter of Taylor v Fischer, 74 AD3d 1677, 1677 [2010]). We reject petitioner's contention that he was improperly denied the right to call the alleged intended victim as a witness without further inquiry from the Hearing Officer. The record reflects that the requested witness had not previously agreed to testify and had executed a witness refusal form, which was read by the Hearing Officer at the hearing, noting that he had no knowledge of the events in question (see Matter of Weston v Annucci, 153 AD3d 1537, 1537 [2017]; Matter of Mears v Venettozzi, 150 AD3d 1498, 1499 [2017], lv denied 30 NY3d 905 [2017]). Accordingly, no further inquiry from the Hearing Officer was required (see Matter of Ballard v Annucci, 156 AD3d 1013, 1015 [2017]).
McCarthy, J.P., Egan Jr., Devine, Clark and Aarons, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: "Although the petition raises a question of substantial evidence and the matter should have been transferred to this Court in the first instance, we will consider the issues de novo and render judgment accordingly"(Matter of Ferril v Annucci, 134 AD3d 1264, 1265 n [2015] [internal quotation marks and citation omitted]).