Matter of Gulifield v Annucci (2018 NY Slip Op 05653)





Matter of Gulifield v Annucci


2018 NY Slip Op 05653


Decided on August 2, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 2, 2018

526037

[*1]In the Matter of JASHAAD GULIFIELD, Petitioner, 
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date: June 11, 2018

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Pritzker, JJ.


Jashaad Gulifield, Garnerville, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Frank Brady of counsel), for respondents.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
In March 2016, while incarcerated at a state correctional facility, an inmate reported that petitioner had, among other things, either paid, or aggressively demanded, him to engage in sex acts with petitioner on multiple occasions during January and February 2016. A subsequent investigation by both the facility and a senior investigator with the Department of Corrections and Community Supervision's Office of Special Investigations confirmed the inmate's allegations and further revealed that petitioner had participated in third-party telephone calls to solicit money. As a result, petitioner was charged in a misbehavior report with committing a sex offense, stalking, soliciting and making third-party telephone calls. Following a tier III disciplinary hearing, petitioner was found guilty as charged and a penalty was imposed. That determination was affirmed upon petitioner's administrative appeal with a modified penalty, and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, related confidential documentation, recording of the telephone conversations and testimony at the hearing provide substantial evidence to support the determination of guilt (see Matter of Pagan v Venettozzi, 151 AD3d 1508, 1508 [2017], lv denied 30 NY3d 903 [2017]; Matter of Mohamed v Prack, 137 AD3d 1402, 1403 [2016]; Matter of Davis v Annucci, 123 AD3d 1279, 1279 [2014]). Petitioner's denial of the offenses charged and exculpatory explanation for the transfer of $100 to the inmate's facility account created credibility issues for the Hearing Officer to resolve (see Matter of Pagan v Venettozzi, 151 AD3d at 1509; Matter of Hood v Goord, 36 AD3d 1064, 1065 [2007]).
Turning to petitioner's procedural contentions, he argues that the misbehavior report omits the specific dates and times of the sex offenses, thereby depriving him of adequate notice of the charges. We find, however, that the detailed misbehavior report, which summarized the results of the investigation and set forth the specific rule violations, was sufficiently detailed to afford petitioner notice of the charges so as to enable him to prepare a defense (see 7 NYCRR 251-3.1 [c]; Matter of Harris v Annucci, 148 AD3d 1385, 1385 [2017]; Matter of Hyatt v Annucci, 137 AD3d 1382, 1382 [2016], lv denied 27 NY3d 910 [2016]; Matter of Chandler v Annucci, 135 AD3d 1258, 1259 [2016]). The record further establishes that any defects in his prehearing employee assistance were remedied by the Hearing Officer, and petitioner has not demonstrated that he was prejudiced by said defects (see Matter of Austin v Annucci, 145 AD3d 1263, 1264 [2016]; Matter of Caraway v Annucci, 144 AD3d 1296, 1298 [2016], lv denied 29 NY3d 903 [2017]). Nor was petitioner's request for testimony from the dorm officer improperly denied, given that the requested testimony would have been cumulative and redundant (see Matter of Wood v Annucci, 158 AD3d 856, 858 [2018]; Matter of White v Fischer, 121 AD3d 1478, 1479 [2014]). Petitioner's remaining contentions have either not been preserved for our review or are lacking in merit.
Garry, P.J., Egan Jr., Clark, Mulvey and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.