Matter of Tannis v Annucci (2019 NY Slip Op 02193)





Matter of Tannis v Annucci


2019 NY Slip Op 02193


Decided on March 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 21, 2019

526961

[*1]In the Matter of CLINTON E. TANNIS, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: February 8, 2019

Before: Egan Jr., J.P., Lynch, Mulvey, Rumsey and Pritzker, JJ.


Clinton E. Tannis, Gouveneur, petitioner pro se.
Letitia James, Attorney General, Albany (Julie M. Sheridan of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged with making a threat and other rule violations as a result of an incident in which he lifted his right arm with his hand open in the direction of a correction officer's face. Following a tier III hearing, petitioner was found guilty as charged. On administrative appeal, the determination was upheld with regard to the charge of making a threat and the other charges were dismissed. Petitioner thereafter commenced this CPLR article 78 proceeding.
The misbehavior report and testimony of the correction officer to whom the threat was directed and her supervisor constitute substantial evidence to support the finding of guilt on the charge of making a threat (see Matter of Washington v Annucci, 160 AD3d 1313, 1313 [2018]). The correction officer testified that she accompanied petitioner to the car wash area of the facility to return equipment, where no one else was present. After petitioner put his boots in his locker, he turned around and stepped toward her while raising his arm, causing his hand to come within inches of her face, without saying anything. She recounted that this gesture caused her to feel threatened. Petitioner's denial that he intended his gesture as a threat and suggestion that he was asking the officer to look at something on his arm presented a credibility issue for the Hearing Officer to resolve (see Matter of Caraway v Annucci, 159 AD3d 1212, 1212 [2018]). Contrary to petitioner's argument, there was nothing inconsistent with the finding on administrative appeal that he was guilty of making a threat with his hand gesture but not guilty of assaulting the officer (see id.; Matter of Davis v Annucci, 137 AD3d 1437, 1438 [2016]). Finally, we are unpersuaded by petitioner's contention that the Hearing Officer was biased based upon certain statements that he made during the hearing, as the statements merely reflected his interpretation of petitioner's [*2]actions. The contention is otherwise unsupported by the record, which reflects that the determination was based upon the evidence (see Matter of Horton v Annucci, 163 AD3d 1385, 1386 [2018]).
Egan Jr., J.P., Lynch, Mulvey, Rumsey and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.