Matter of Parker v Annucci (2019 NY Slip Op 06658)





Matter of Parker v Annucci


2019 NY Slip Op 06658


Decided on September 19, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 19, 2019

527399

[*1]In the Matter of Marquis L. Parker, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: August 30, 2019

Before: Egan Jr., J.P., Lynch, Mulvey, Aarons and Pritzker, JJ.


Marquis L. Parker, Elmira, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
While a female correction officer was stationed in the media center of the correctional facility, petitioner purportedly left the law library where he was authorized to be and attempted to initiate a personal conversation with her. When petitioner acknowledged that he was supposed to be in the law library, the officer directed him to return. He complied, but came back to her desk a few minutes later and commented about her hair. She again told him to leave and he complied, but then returned a third time and inquired about her birthday. As a result, petitioner was charged in a misbehavior report with refusing a direct order, interfering with an employee, being out of place, stalking and harassment. He was found guilty of all charges following a tier III disciplinary hearing. On administrative appeal, that part of the determination finding petitioner guilty of refusing a direct order was dismissed, but the remainder of the determination was upheld. This CPLR article 78 proceeding ensued.
Initially, respondent concedes and, based upon our review of the record, we agree that substantial evidence does not support that part of the determination finding petitioner guilty of interfering with an employee and stalking (see Matter of Smith v Annucci, 173 AD3d 1596, 1596 [2019]; Matter of White v Annucci, 169 AD3d 1326, 1327 [2019], lvs denied 33 NY3d 908, 1048 [2019]). Accordingly, the determination must be annulled to this extent and all references to such charges expunged from petitioner's institutional record (see Matter of Castillo v Annucci, 155 AD3d 1234, 1234 [2017]). That part of the determination finding him guilty of harassment and being out of place is supported by substantial evidence consisting of the misbehavior report, related documentation and hearing testimony (see Matter of Hyson v Annucci, 171 AD3d 1339, 1340 [2019]; Matter of Jones v Annucci, 166 AD3d 1174, 1175 [2018]).
Nevertheless, respondent concedes and we agree that the Hearing Officer improperly denied petitioner's request to call as witnesses the two inmates who were housed on each side of his cell, as their potential testimony was highly relevant to petitioner's defense that he was in his cell during the time of the underlying incident (see Matter of Castillo v Annucci, 155 AD3d at 1234; Matter of Mosley v Annucci, 146 AD3d 1054, 1055 [2017]). However, inasmuch as the Hearing Officer acted in good faith in denying the request on the ground of relevancy, petitioner's regulatory right to call witnesses was violated and a new hearing on these charges, rather than expungement, is the appropriate remedy (see Matter of Castillo v Annucci, 155 AD3d at 1234-1245; Matter of Mosley v Annucci, 146 AD3d at 1055-1056). In view of our disposition, we need not address petitioner's remaining claim.
Egan Jr., J.P., Lynch, Mulvey, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is annulled, without costs, respondent is directed to expunge all references to the charges of interfering with an employee and stalking from petitioner's institutional record, and matter remitted to respondent for a rehearing on the remaining charges.