■ In the Matter of CHRIS WERNER, Petitioner, v WILLIAM PHILIPS, as Superintendent of Green Haven Correctional Facility, et al., Respondents. [798 NYS2d 241]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with violating the prison disciplinary rule that prohibits the use of another inmate's personal identification number to make a telephone call. Petitioner was found guilty after a disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

The misbehavior report, telephone log, transcript of the telephone call and testimony at the hearing provide substantial

evidence to support the determination of guilt (*see Matter of Velez v McGinnis*, 246 AD2d 942 [1998]). We are unpersuaded by petitioner's contention that the incorrect date on the misbehavior report requires annulment of the determination. The record establishes that, during the course of the disciplinary hearing, the reporting correction officer testified that he inadvertently indicated on the misbehavior report that the incident date was July 20, 2003, when, in fact, the telephone log establishes that the call was made on July 16, 2003. The Hearing Officer then offered petitioner a two-day adjournment in order to prepare a defense based upon the corrected date; however, petitioner declined the opportunity. Under these circumstances, petitioner has failed to demonstrate how he was prejudiced by any error on the misbehavior report or precluded from preparing an appropriate defense (*see Matter of Carini v Selsky*, 19 AD3d 718, 719 [2005]; *Matter of Correa v Hanslmaier*, 224 AD2d 855 [1996]). Petitioner's remaining contentions have been reviewed and found to be without merit.

Cardona, P.J., Mercure, Crew III, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.