*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 23, 2015               518744
_____

In the Matter of RICHARD
   ROSARIO,
                    Petitioner,

        v                                  MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
   Commissioner of Corrections
   and Community Supervision,
                    Respondent.
_____


Calendar Date:  February 24, 2015

Before:  Lahtinen, J.P., Egan Jr., Rose and Lynch, JJ., concur.

_____


        Morrison & Foerster, LLP, New York City (Carl H. Loewenson
of counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondent.

_____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent which found petitioner
guilty of violating a prison disciplinary rule.

        Following an investigation in which confidential
information was received, petitioner was charged in a misbehavior
report with organizing a demonstration.  Petitioner was found
guilty as charged after a disciplinary hearing and that
determination was affirmed upon administrative appeal.  This CPLR
article 78 proceeding ensued.

We confirm.  The misbehavior report, testimony at the hearing and the confidential information considered by the Hearing Officer provide substantial evidence to support the determination of guilt (see Matter of Smith v Fischer, 64 AD3d 1061, 1061-1062 [2009], lv denied 13 NY3d 712 [2009]).  Our review of the record satisfies us that the Hearing Officer was able to independently assess the reliability of the confidential information through his detailed interview of the correction officer who received it (see Matter of Staton v Goord, 41 AD3d 1105, 1106 [2007]; Matter of Biggs v Goord, 308 AD2d 619, 620 [2003]).

Petitioner's contention that the charges against him were vague, particularly given the fact that he was not informed of an additional date and time of the alleged misconduct until after the hearing commenced, is without merit.  The misbehavior report relates that petitioner encouraged others to participate in a three-day demonstration.  When petitioner was informed during the hearing that the alleged misconduct of meeting with other participants had actually occurred on the evening of the day before the date previously alleged, the Hearing Officer obtained related documentation for petitioner regarding the corrected date.  Although the Hearing Officer provided petitioner with an opportunity to adjourn the hearing for additional time to prepare a defense, petitioner declined.  Under these circumstances, petitioner has not demonstrated any prejudice by any alleged vagueness in the misbehavior report nor was he precluded from preparing a defense (see Matter of Werner v Philips, 20 AD3d 711, 712 [2005]; Matter of Gibson v Ricks, 288 AD2d 569, 570 [2001]).

Lahtinen, J.P., Egan Jr., Rose and Lynch, JJ., concur.

-3-                         518744

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court