Matter of Thomas v Annucci (2021 NY Slip Op 02648)





Matter of Thomas v Annucci


2021 NY Slip Op 02648


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


359 TP 20-01644

[*1]IN THE MATTER OF RAHIM THOMAS, PETITIONER,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT. 






WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF COUNSEL), FOR PETITIONER.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KEVIN C. HU OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Michael M. Mohun, A.J.], entered December 15, 2020) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated various inmate rules. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier III disciplinary hearing, that he violated inmate rules 102.10 (7 NYCRR 270.2 [B] [3] [i] [threats]), 104.11 (7 NYCRR 270.2 [B] [5] [ii] [violent conduct]), 104.12 (7 NYCRR 270.2 [B] [5] [iii] [demonstration]), and 107.10 (7 NYCRR 270.2 [B] [8] [i] [interference with employee]). Contrary to petitioner's contention, the misbehavior report and hearing testimony constitute substantial evidence supporting the determination that he violated those inmate rules (see generally Matter of Foster v Coughlin, 76 NY2d 964, 966 [1990]; Matter of Williams v Annucci, 162 AD3d 1530, 1531 [4th Dept 2018]). Petitioner failed to raise in his administrative appeal his contention that the Hearing Officer improperly relied upon confidential information. Petitioner thus failed to exhaust his administrative remedies with respect to that contention, and this Court lacks the discretionary authority to consider it (see Matter of Yarborough v Annucci, 164 AD3d 1667, 1668 [4th Dept 2018]; Matter of Rodriguez v Fischer, 96 AD3d 1374, 1375 [4th Dept 2012]; see generally Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]).
Petitioner contends that the misbehavior report lacked specifics regarding his role in the incident, recited the wrong date of the incident, and was not properly endorsed. We conclude that the misbehavior report was sufficiently detailed to enable petitioner to present a defense (see Matter of Toro v Fischer, 104 AD3d 1036, 1037 [3d Dept 2013]; see generally Matter of Abdur-Raheem v Mann, 85 NY2d 113, 123 [1995]; Matter of Jones v Fischer, 111 AD3d 1362, 1363 [4th Dept 2013]). During the hearing, the author of the misbehavior report explained the error with respect to the date of the incident listed on the report, and we conclude that petitioner was not prejudiced by the error (see Matter of Werner v Philips, 20 AD3d 711, 712 [3d Dept 2005]). Petitioner also failed to demonstrate that he was prejudiced by the failure of the employee who observed the incident to endorse the report. That employee's name and position appeared on the face of the report, and petitioner had the opportunity to question him during the hearing (see Matter of Winbush v Goord, 6 AD3d 821, 822 [3d Dept 2004]; see also Matter of Blackwell v Goord, 12 AD3d 816, 817 [3d Dept 2004]).
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court