Matter of Stone v LaManna (2024 NY Slip Op 00192)

Matter of Stone v LaManna

2024 NY Slip Op 00192

Decided on January 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2021-03193
 (Index No. 271/20)

[*1]In the Matter of April Stone, petitioner,
v
Amy LaManna, respondent.

April T. Stone, named herein as April Stone, Bedford Hills, NY, petitioner pro se.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Blair J. Greenwald of counsel), for respondent.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of a designee of the Superintendent of the Bedford Hills Correctional Facility dated March 23, 2020. The determination affirmed a determination of a hearing officer dated March 12, 2020, made after a tier II disciplinary hearing, finding the petitioner guilty of violating prison disciplinary rules 107.20 and 111.10 (7 NYCRR 270.2[B][8][iii]; [12][i]), and imposing penalties.
ADJUDGED that the determination dated March 23, 2020, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.
The petitioner, an inmate at the Bedford Hills Correctional Facility, was charged with violating prison disciplinary rules that prohibit making false statements (rule 107.20) and impersonation (rule 111.10) (see 7 NYCRR 270.2[B][8][iii]; [12][i]). After a hearing, a hearing officer found the petitioner guilty of those charges and imposed penalties. Upon administrative appeal, in a determination dated March 23, 2020, a designee of the Superintendent of the facility affirmed the hearing officer's determination. The petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination dated March 23, 2020. In an order dated December 15, 2020, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
"In the context of prison disciplinary proceedings, the notice requirement is satisfied when the inmate is given enough particulars to make an effective response" (Matter of Abdur-Raheem v Mann, 85 NY2d 113, 123; see Matter of Thomas v Annucci, 193 AD3d 1356, 1357). Here, the petitioner did not show that the charges were insufficiently specific (see generally Matter of Thomas v Annucci, 193 AD3d at 1357).
"A prison disciplinary determination made as a result of a hearing at which evidence was taken pursuant to direction by law must be supported by substantial evidence" (Matter of Adamson v Barto, 37 AD3d 597, 598; see CPLR 7803[4]; Matter of Bryant v Coughlin, 77 NY2d 642, 647). "Substantial evidence 'means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact'" (Matter of Benito v Calero, 102 AD3d 778, 779, quoting 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180; see Matter of Lightfoot v Morton, 175 AD3d 1533, 1534). "Where substantial evidence exists, the reviewing court [*2]may not substitute its judgment for that of the agency, even if the court would have decided the matter differently" (Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1046).
Here, the testimony and other evidence adduced at the disciplinary hearing, which included the disputed letter allegedly forged by the petitioner and handwriting exemplars, provided substantial evidence that the petitioner was guilty of violating the charged prison disciplinary rules (see Matter of Lightfoot v Morton, 175 AD3d at 1534; Matter of Ponder v Fischer, 56 AD3d 1094). Further, any conflicting testimony presented a credibility issue for the hearing officer to resolve (see Matter of Blunt v Annucci, 155 AD3d 1226, 1227; Matter of Green v Annucci, 148 AD3d 1443, 1444).
Contrary to the petitioner's contention, the hearing officer did not violate the petitioner's right to call certain witnesses, as the record showed, inter alia, that one proposed witness was unavailable and another proposed witness refused to testify. The petitioner's contention that the hearing officer deprived the petitioner of her right to a fair hearing by denying her request for a handwriting expert is not properly before this Court (see Matter of Bottom v Annucci, 26 NY3d 983, 985; Matter of Sassi v City of Beacon, 145 AD3d 789, 791).
There is no merit to the petitioner's contention that she was improperly denied the right to submit video evidence, as the record did not show that the proposed video existed, nor that it was relevant to the charges (see Matter of Alsina v Venettozzi, 217 AD3d 1303; Matter of Lightfoot v Morton, 175 AD3d at 1534; see also Matter of Mullins v Annucci, 177 AD3d 1061).
DUFFY, J.P., CHRISTOPHER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court